UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APEX SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FALLS LAKE NATIONAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 21-cv-05496-HSG<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 14 |

Pending before the Court is Plaintiff Apex Solutions, Inc.'s motion to remand. Dkt. No. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

### I.  BACKGROUND

Plaintiff filed this action in Alameda County Superior Court on May 17, 2021, regarding a commercial insurance policy issued by Defendant Falls Lake Insurance Management Company, Inc. *See* Dkt. No. 1-1, Ex. A ("Compl."). Plaintiff owns a business in Oakland, California, that manufactures, sells, and distributes cannabis and cannabis-related products. *See id.* at ¶ 1. Plaintiff alleges that on June 1, 2020, its business was burglarized twice. *See id.* at ¶¶ 9–10. *First*, at 1:47 a.m., people broke into its warehouse and took cannabis products valued at approximately $600,000 from what Plaintiff refers to as "Vault #1." *See id.* at ¶ 9. *Second*, at 2:54 a.m., different individuals broke into its warehouse and again stole cannabis products valued at approximately $600,000, this time from what Plaintiff refers to as "Vault #2." *See id.* at ¶ 10. Plaintiff further alleges that the warehouse sustained damage as a result. *See id.* at ¶ 11. Plaintiff states that Falls Lake acknowledged coverage for these incidents under the insurance policy, but argues that over

$1.5 million still remains unpaid. *See id.* at ¶ 13. Specifically, Plaintiff argues that Falls Lake improperly (1) considered the burglaries of Vault #1 and Vault #2 as one occurrence under the insurance policy; and (2) applied a coinsurance provision to reduce the amount payable under the policy for Plaintiff's business income losses. *See id.* at ¶¶ 14–15.

Based on these facts, Plaintiff brings causes of action against Falls Lake for breach of contract and breach of the covenant of good faith and fair dealing. *See id.* at ¶¶ 17–28. In the alternative, Plaintiff brings a negligence cause of action against Defendants CannGen Insurance Services, LLC and Fidens International LLC,[1] the insurance brokers. *See id.* at ¶¶ 29–31. Plaintiff alleges that CannGen and Fidens "worked to secure insurance coverage for [P]laintiff." *See id.* at ¶¶ 3–4. Plaintiff further contends that to the extent Falls Lake's interpretation and application of the coinsurance provision was proper, CannGen and Fidens:

> negligently failed to advise [Plaintiff] of the "coinsurance" provision before the policy incepted []in order to allow plaintiff to obtain proper coverage, and/or negligently failed to request removal of that coinsurance provision from the policy; and/or failed to secure proper coverage so that [Plaintiff] could be fully insured for any Business Income and Extra Expense losses.

*Id.* at ¶ 16; *see also id.* at ¶ 30.

Defendants Falls Lake and CannGen removed this action on July 16, 2021, arguing that CannGen was fraudulently joined and its citizenship should therefore be disregarded for purposes of diversity jurisdiction. *See* Dkt. No. 1 at 6–8. Plaintiff moves to remand the action back to state court. Dkt. No. 14.

**II.  LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds

---

[1] The parties appear to agree that Plaintiff has not yet served Defendant Fidens. *See* Dkt. No. 14 at 3; Dkt. No. 17 at 2, n.1.

2

$75,000.  *See* 28 U.S.C. § 1332(a)(1).  To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

However, a district court may disregard a non-diverse party and retain federal jurisdiction if the party resisting removal can show that the non-diverse party was fraudulently joined.  *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Id.*  However, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden."  *Id.* at 1046.

## III. DISCUSSION

The parties appear to agree that CannGen is a limited liability company, and has at least one member that is a citizen of California.  *See* Compl. at ¶ 3; *see also* Dkt. No. 17 at 2.  Thus, ordinarily, CannGen's citizenship would defeat federal diversity jurisdiction because Plaintiff is also a citizen of California.  *See* Compl. ¶ 1.  However, Defendants assert that the negligence claim against CannGen is "no[t] viable . . . as a matter of California law."  *See* Dkt. No. 17 at 2.  As such, Defendants state that CannGen was fraudulently joined, and its California citizenship should not defeat federal diversity jurisdiction.  *Id.* at 5–9.

The Ninth Circuit has clarified that there are two ways to establish fraudulent joinder:

> (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*Grancare*, 889 F.3d at 548 (quotation omitted).  In the absence of actual fraud, therefore, a defendant must "show[] that an individual joined in the action cannot be liable on any theory."  *Id.*  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (emphasis added).  In other words, joinder is only

3

fraudulent if it is "obvious according to the settled rules of the state that [the plaintiff] has failed to state a claim against [the resident defendant]." *See Hunter*, 582 F.3d at 1046 (quotation omitted).

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on its claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." *Grancare*, 889 F.3d at 548. However, by contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 548–49 (citing *Hunter*, 582 F.3d at 1046).

Here, Defendants contend that Plaintiff has not stated—and cannot state—a negligence claim against CannGen because insurance brokers and agents have only a general duty of care to "procure the insurance requested by the insured." *See* Dkt. No. 17 at 5 (quoting *Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (Cal. Ct. App. 1987)). This duty "does not include the obligation to procure a policy affording the client complete liability protection" or "to advise the insured on specific insurance matters." *Jones*, 189 Cal. App. 3d at 954, 956. Rather, the parties appear to agree that to state a negligence claim under California law, Plaintiff must allege that (i) CannGen "misrepresent[ed] the nature, extent or scope of the coverage being offered or provided"; (ii) Plaintiff requested "a particular type or extent of coverage" and CannGen failed to procure it; or (iii) CannGen "assume[d] an additional duty by either express agreement or by holding [itself] out as having expertise in a given field of insurance" sought by Plaintiff. *See Pac. Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 203 Cal. App. 4th 1278, 1283 (Cal. Ct. App. 2012) (quotations omitted).

Defendant argues that neither the complaint nor the motion to remand alleges that "CannGen misrepresented the nature, extent, or scope of coverage under the policy or its coinsurance provisions," or that it somehow assumed an elevated duty of care. *See* Dkt. No. 17 at 6–7. Rather, Defendant urges that CannGen "obtained the [insurance] policy that [Plaintiff] and its broker, Fidens, applied for." *Id.* at 2. Defendant further suggests that Plaintiff hired Fidens— and not CannGen—"to advise [Plaintiff] about the adequacy of coverage." *Id.* at 9–10. Defendant

4

concludes that Plaintiff cannot assert facts or allegations sufficient to state a negligence claim against CannGen. *See id.*

Plaintiff responds by suggesting that all three exceptions apply to this case:

- CannGen misrepresented the extent and scope of coverage under the policy;
- Plaintiff demanded a specific level of business income loss coverage ($2 million), but instead received a policy with a coinsurance provision that precluded Plaintiff's ability to recover the full requested coverage amount; and
- CannGen held itself out as an expert in cannabis insurance coverage, and therefore assumed a higher duty to advise Plaintiff about its insurance coverage.

*See* Dkt. No. 20 at 4–5. The complaint, however, is devoid of factual allegations to support any of these contentions. Rather, it simply states that CannGen "failed to advise [Plaintiff] of the 'coinsurance' provision" and "failed to secure proper coverage so that [Plaintiff] could be fully insured for any Business Income and Extra Expense losses." *See* Compl. at ¶ 16. In short, the complaint suggests that Plaintiff requested "proper coverage" so that it would be "fully insured." *Id.*; *see also id.* at ¶ 30.

But as explained above, insurance brokers and agents do not have a duty "to procure a policy affording the client complete liability protection." *Jones*, 189 Cal. App. 3d at 956. Moreover, "an insured's request for 'sufficient coverage' and an agent's assurance that the policy provided 'adequate' coverage do not . . . imply an expanded principal-agent relationship." *Id.* As the California Court of Appeal has noted, such an exchange is typical between insureds and agents because "[p]urchasers of insurance generally seek 'sufficient coverage.'" *Id.* (quotations omitted).

Nevertheless, even assuming (without deciding) that Plaintiff fails to state a negligence cause of action, that does not necessarily establish that it would be impossible for Plaintiff to adequately plead a negligence claim if given leave to amend.[2]  *See Williams v. Wyndham Vacation Ownership*, No. 13-CV-05088-WHO, 2014 WL 457835, at *4 (N.D. Cal. Jan. 31, 2014) ("[M]erely showing that an action is likely to be dismissed as against the purported sham

---

[2] The Court notes that CannGen did not even move to dismiss the negligence claim against it, and instead filed an answer. *See* Dkt. No. 7.

5

defendant does not demonstrate fraudulent joinder.") (quotation omitted).  Rather, "[w]here there exists a non-fanciful possibility that Plaintiff can state a claim under California law against the non-diverse defendant, the Court must remand this case to state court." *Id.* (quotation omitted).  "[A]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand," and "the Court may consider evidence outside of the pleadings." *Rathbun v. Barretts Mins., Inc.*, No. 21-CV-03228-HSG, 2021 WL 4014304, at *2 (N.D. Cal. Sept. 3, 2021) (quotations omitted).

Because California courts have found insurance agents may be liable for failing to procure insurance as requested by clients, the Court finds that it is at least possible that Plaintiff can establish a cause of action against CannGen. *See, e.g.*, *Desai v. Farmers Ins. Exchange*, 47 Cal. App. 4th 1110, 1119 (Cal. Ct. App. 1996) (finding that an insurer may be liable where the plaintiff "demanded a particular level of coverage at the outset" and "[i]t was then represented to him that he was receiving the demanded level of coverage").  The Court finds that Defendants have failed to meet their "heavy burden" of establishing fraudulent joinder.  *See Hunter*, 582 F.3d at 1042 ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper . . . .").  Because there is not complete diversity of citizenship, the Court lacks subject-matter jurisdiction and thus **GRANTS** the motion to remand.

## IV.  CONCLUSION

The Court **GRANTS** the motion to remand and **REMANDS** the case to Alameda County Superior Court.  The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  11/3/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge